IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY KELLY              * <br>        Plaintiff, <br>    v.                              * | CIVIL ACTION NO. AW-07-2994 |
| STATE OF MARYLAND         * <br> OFFICER MELVIN LANIER <br> OFFICER MAURICE L. MAYS   * <br> KAGHA B. ONYEKACHI (CHARGE <br>  NURSE                     * <br>        Defendants. | |
|                        ***** | |

## MEMORANDUM

This civil rights action seeks monetary damages against Defendants. Paper No. 1. Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that on June 19, 2007, before being transported back to Perkins from the Circuit Court for Baltimore City he informed Officers Lanier and Mays that his leg shackles were too tight and asked for them to be loosened. Paper No. 1. He states that he was told he would be okay once he got back into the transportation van. *Id*. Plaintiff alleges that once back on his Perkins ward he "noticed pain in both ankles...and [that] both ankles were bleeding badly." He claims that he showed both ankles to the head nurse at 1:00 p.m. and she treated his injuries by stopping the bleeding, placing band aids on both ankles, and giving him pain medication. *Id*. Plaintiff asserts, however, that when he showered at 6:20 p.m., the band aids came off causing his ankles to bleed and become painful. *Id*. He claims that he got out of the shower, dressed, informed Nurse Onykachi of the situation, and asked for treatment for the bleeding and pain. *Id*. Plaintiff states that Onykachi was on his cellphone and told him to return in 30 minutes, but when he returned Onykachi was still on the phone. Plaintiff claims that it was only through the intervention of an officer that he was called to the nurse's station after 7:30 p.m. He maintains that he received medical care the following morning on June 20, 2007.

---

[1] The criminal court dockets for the Circuit Court for Montgomery County reveal that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first-degree rape and robbery. *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County). In both cases a competency hearing was held over the course of February, March, and April of 2004. Circuit Court Judge Durke Thompson subsequently found Plaintiff incompetent to stand trial.

Plaintiff's Motion to Proceed In Forma Pauperis shall be granted.[2]  His 42 U.S.C. § 1983 action shall, however, be summarily dismissed in part.   The State is not a "person" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).  Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).  Therefore, Plaintiff's Complaint against the State of Maryland is subject to dismissal.  His claims against the remaining Defendants shall proceed for an answer.  A separate Order shall be entered in compliance with the opinion set out above.

Date: November 21, 2007

                                    /s/
                          Alexander Williams, Jr.
                          United States District Judge

---

[2]   Plaintiff is not subject to the fee filing provisions under the Prison Litigation Reform Act ("PLRA") as this Court finds he is not a "prisoner" within the meaning of the PLRA.  The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity. *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001).